UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

QUINCY JOSEPH                                    CIVIL ACTION NO. 6:10-cv-01315

VERSUS                                           JUDGE DOHERTY

MICHAEL J. ASTRUE,                               MAGISTRATE JUDGE HANNA
COMMISSIONER OF SOCIAL
SECURITY

## RULING ON PETITION FOR ATTORNEYS' FEES

Before this Court is a petition for attorneys' fees filed by the appellant, Quincy Joseph, pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. (Rec. Doc. 16).  Mr. Joseph maintains that he is the prevailing party in this litigation, and he seeks to recover attorneys' fees in the amount of either $2,790.00 or the amount of $2,362.50.  The Commissioner does not oppose an award of fees in this case, but points out the inconsistency in the claimant's briefing with regard to the amount of fees sought to be recovered.  The Commissioner also argues that any fees awarded should be paid to Mr. Joseph and not to his counsel, as requested by the claimant.

For the reasons set forth below, the undersigned finds that Mr. Joseph's motion should be granted but not in either amount referenced in the parties' briefing.

## ANALYSIS

A party is entitled to recover attorneys' fees pursuant to the EAJA if four requirements are met: (1) he is the prevailing party, (2) he files a timely fee application, (3) the position of the government was not substantially justified, and (4) no special circumstances make an award unjust.[1] The Commissioner has not objected to a fee award on the basis that any of these four requirements have not been met, and the undersigned finds that these requirements were satisfied in this case.

The EAJA permits recovery of reasonable attorneys' fees based on prevailing market rates.[2] As a general rule, "in determining the amount of attorneys' fees, the district court enjoys discretion."[3] Therefore, the undersigned must determine whether the hours claimed by Mr. Joseph's attorney are reasonable and whether her hourly billing rate is consistent with the prevailing market rates.

According to his petition for an award of attorney's fees, Mr. Joseph's counsel spent a total of 15.75 hours working on his case at the rate of $150.00 per hour, for a total of $2,3621.50. References in the body of the petition to the amount of $2,790.00 are presumed to be typographical errors and were disregarded by the

---

[1] 28 U.S.C. § 2412(d)(1); *Squires-Allman v. Callahan*, 117 F.3d 918, 920 n. 1 (5th Cir. 1997); *Milton v. Shalala*, 17 F.3d 812, 813 n. 1 (5th Cir. 1994).

[2] 28 U.S.C. § 2412(d)(2)(A).

[3] *Perales v. Casillas*, 950 F.2d 1066, 1074 (5th Cir. 1992).

undersigned. Mr. Joseph also attached a time sheet, showing the dates that his attorney worked on his claim, descriptions of the work performed, and the amount of time devoted to each such task. Mr. Joseph claims that his counsel worked 15.75 hours, at a rate of $150.00 per hour, supporting a fee award of $2,362.50.

The Commissioner did not object to the hourly rate, which is the prevailing rate in this district,[4] or to the type of work performed by Mr. Joseph's counsel in connection with his claim. The Commissioner did object to the $2,790.00 figure as erroneous but had no objection to the $2,362.50 figure, apparently assuming that the mathematical calculation on the time sheet was correct because 15.75 hours at $150.00 per hour would total $2,362.50.

In fact, however, the individual amounts listed on the time sheet add up to 13.75 hours, not 15.75 hours. Therefore, the undersigned finds that Mr. Joseph's claim is actually for 13.75 hours at the $150.00 per hour or $2,062.50.

The Commissioner also objected to Mr. Joseph's request that the fee award be paid to his counsel, noting that the United States Supreme Court has held that such

---

[4] In *Williams v. Astrue*, this court weighed cost of living increases since 1994 against prevailing market conditions and the healthy community of social security practitioners in this area, before settling upon an EAJA hourly rate of $150 for attorney work performed in 2008 and beyond. See *Williams v. Astrue*, 2009 WL 703288 (W.D. La. Feb. 26, 2009) (report and recommendation); 2009 WL 703285 (W.D. La. Mar. 17, 2009) (order denying reconsideration); 2009 WL 824527 (W.D. La. Mar. 23, 2009) (judgment).

awards are payable to the litigant rather than to the attorney.[5]  The undersigned finds that the Commissioner is correct in this regard.

Accordingly, the undersigned finds that 13.75 hours, the amount of time documented by Mr. Joseph as having been spent on this case by his attorney, is reasonable, that $150.00 per hour is the prevailing hourly rate in this district for this type of legal work, and that Mr. Joseph is entitled to recover $2,062.50.

## CONCLUSION

The undersigned finds that Mr. Joseph is entitled to an award of attorneys' fees pursuant to the EAJA because he is the prevailing party, his fee request was timely, the Commissioner's position was not substantially justified, and there are no special circumstances that make an award unjust.  The undersigned further finds that 13.75 hours of work by Mr. Joseph's attorney were reasonable and necessary, and that the prevailing market rate for attorneys representing clients seeking Social Security awards in this district is $150.00 per hour.  Accordingly,

For the foregoing reasons,

---

[5]   *Astrue v. Ratliff*, 130 S.Ct. 2521, 2524 (2010).

**IT IS ORDERED** that the petition for attorneys' fees is **GRANTED** in the amount of $2,062.50, representing 13.75 hours of attorney time at the rate of $150.00 per hour.

**IT IS FURTHER ORDERED** that the sum of $2,062.50 is awarded to Mr. Joseph as an EAJA fee. The Commissioner of the Social Security Administration shall forward a check payable to Quincy Joseph in the amount of $2,062.50 pursuant to 28 U.S.C. §2412(d)(1)(A) within forty-five days of this date.

Signed at Lafayette, Louisiana, this 29th day of May 2012.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE